# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRTHA SORNIA,<br><br>                    Plaintiff,<br><br>vs.<br><br>EL CENTRO ELEMENTARY SCHOOL DISTRICT; BENNY CARTY, individually AND AS AGENT FOR EL CENTRO ELEMENTARY SCHOOL DISTRICT,<br><br>                    Defendants. | CASE NO. 04-CV-00332 JM(AJB)<br><br>ORDER GRANTING EX PARTE MOTION TO FILE OBJECTIONS; CLARIFYING INADVERTENT OMISSION FROM REPORT AND RECOMMENDATION; ADOPTING REPORT AND RECOMMENDATION AS CLARIFIED |

Defendants El Centro Elementary School District and Benny Carter (collectively "Defendants") move ex parte to file Objections to Magistrate Judge Battaglia's Report and Recommendation Granting in Part and Denying in Part Plaintiff's Motion for Attorney's Fees ("R & R"). On the merits, Defendants argue that Magistrate Battaglia committed a mathematical or clerical error in summarizing the total amount of attorney's fees. Plaintiff Mirtha Sornia opposes granting ex parte relief to file Objections as well as granting the request to correct the perceived mathematical or clerical error. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without additional briefing or argument.

<u>Ex Parte Relief</u>

Defendants move for ex parte relief to file Objections to the R & R. The R & R, entered on November 16, 2006, was not received by Defendants until November 27, 2006, the date on which the ten day period of time for filing Objections to the R & R expired. Defendants represent that they are

registered for the Court's e-file program yet did not receive electronic notice of entry of the R & R. (Fein Decl. ¶2). For good cause shown, the court grants Defendants' request to file Objections to the R & R.

The court also rejects Plaintiff's argument that this matter should be resolved by noticed motion, and not by ex parte proceeding. A fully noticed ex parte proceeding provides an efficient and economical means of resolving relatively straight-forward issues, like those identified below.

<u>The Objections</u>

In the R & R, the Magistrate concluded "that a 15% reduction in the total number of attorney hours for each attorney is warranted to address the excessive time billed for particular tasks that were noted by the Court." (R & R p.5:18-20). The Magistrate also found that the $250 per hour rate submitted by Plaintiff for the attorney time of Mr. Allen was out of line with other first year associates in San Diego. The Magistrate determined that an hourly rate of $120 per hour accurately represented "Mr. Allen's services given his level of expertise." (R & R at p.9:16). Neither finding is challenged by the parties.

The issue of mere inadvertence or simple clerical error addressed by Defendants arises in the conclusion section of the R & R where the order concludes that the total amount of attorney's fees is "$192,199.50, which reflects a 15% reduction by the Court in the total number of attorney hours submitted for instances of over-billing noted by the Court." (R & R at p.10:25-26). The conclusion section did not address the reduction in attorney's fees attributable to Mr. Allen's adjusted hourly rate. Based upon a plain reading of the R & R, the Court concludes that the conclusion section of the R & R inadvertently omitted from the total attorney's fees award the reduction in fees attributable to Mr. Allen's reduced hourly rate. As the R & R clearly indicates that both the total hours should be reduced (for over-billing) as well as the hourly rate of Mr. Allen (to reflect his level of expertise) the court adopts the R & R in its entirety and clarifies that total attorney's fees awarded is $179,437.12. This amount consists of the sum of Mr. Woodson's time of 563.55 hours, reduced by 15%, at a rate of $350 per hour and Mr. Allen's time of 115.5 hours, reduced by 15%, at a rate of $120 per hour.

Plaintiff's argument that Magistrate Battaglia intended total attorney's fees to be reduced only by 15% misconstrues the detailed and thorough analysis set forth in the R & R. Plaintiff contends that

1  a reduction in Mr. Allen's hourly rate "would be inconsistent with the stated reasons for the 15%
2  reduction, namely to offset for causes of action that did not survive the motion for summary
3  judgment." (Opposition to Objections at p.4:26-28). Plaintiff misconstrues the analysis set forth in
4  the R & R. As set forth above, the R & R addressed two different aspects of every hourly attorney's
5  fees calculation: attorney hours and hourly rate. Each term in the attorney's fees equation is
6  independent and distinct. Seen in this light, the reduction in attorney's fees for excessively billed
7  hours is distinct from a reduction in Mr. Allen's hourly rate to reflect his level of expertise.
8  Consequently, the court rejects Plaintiff's arguments.          In sum, the court adopts the R & R in its
9  entirety and clarifies that total attorney's fees awarded is $179,437.12.

10 **IT IS SO ORDERED.**

11 DATED: December 19, 2006

12  
13                                                    Hon. Jeffrey T. Miller
                                                      United States District Judge

14 cc:    Magistrate Judge Battaglia
         All Parties